UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

June 10, 2005

**LETTER OPINION**

**VIA REGULAR MAIL**

Ravin, Greenberg & Marks, P.A.
Sheryll S. Tahiri, Esq.
101 Eisenhower Pkwy.
Roseland, NJ 07068

    *(Attorneys for The Grand Union Company)*

Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C.
Thomas G. Aljian, Jr., Esq.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102

    *(Attorney for Americe, Inc.)*

    **Re:**     The Grand Union Co. v. Americe, Inc.
             Docket No.: 04-5669  (WJM)

Dear Counsel:

    This matter comes before the Court on The Grand Union Company's ("Grand Union") motion pursuant to Federal Rules of Civil Procedure 59 and 60 and Local Civil Rule 7.1(g) for reconsideration of the Court's April 18, 2005 Order dismissing Grand Union's bankruptcy appeal for want of prosecution.  For the reasons set forth below, the motion is **DENIED**.

**BACKGROUND**

    Bankruptcy Judge Novalyn L. Winfield entered an Order on August 6, 2004 that, among other things, denied bankruptcy debtor Grand Union's motion for summary judgment and granted Americe, Inc. ("Americe") leave to file an administrative claim request.  Six days later, on August 12, 2004, Grand Union, through counsel Ravin Greenberg P.C. ("Ravin Greenberg") and Weil, Gotshal & Manges LLP ("Weil Gotshal"), filed a notice of appeal and shortly thereafter (on August 23, 2004) filed a designation of items to be included in the record and statement of issues to be presented on appeal pursuant to Bankruptcy Rule 8006.  The bankruptcy court transmitted these filings to this Court on November 17, 2004.  Although Grand Union was

required by rule to submit appellate briefs to this Court within fifteen days of its appeal having been docketed, Fed. R. Bankr. P. 8009(a)(1), the notation of this transmission on the docket indicates that Grand Union was given until December 27, 2004.  Despite this generous briefing schedule, Grand Union never filed any appellate brief.  This Court exercised its discretion and dismissed Grand Union's appeal by Order dated April 18, 2005 for want of prosecution.

Counsel for Grand Union—specifically, Ravin Greenberg, not Weil Gotshal—now asks the Court to reconsider this dismissal on the ground that Grand Union's failure to submit any appellate brief was attributable to counsel's "mistake and excusable neglect."  (*See* Memorandum of Law in Support of Motion for Reconsideration [*hereinafter* "App. Br."].)  Specifically, counsel for Grand Union points out that the attorney who was primarily in charge of handling Grand Union's appeal, Allan Harris ("Mr. Harris") of Ravin Greenberg, left the firm December 31, 2004 and that "[i]t was only after [Mr. Harris] left, much past the deadline set forth in Rule 8009, that [Howard S. Greenberg ("Mr. Greenberg"), also of Ravin Greenberg] became aware that a brief had not been filed."  (*See* Cert. of Howard S. Greenberg ¶10.)  Because the December 27, 2004 deadline ran several days before Mr. Harris left Ravin Greenberg, counsel for Grand Union also notes that "[d]uring the time of filing of the appeal, several complications made it difficult for [Ravin Greenberg] to file a brief on Appellant's behalf, and to proceed with the appeal."  (*Id.* ¶ 8.)

## ANALYSIS

Although dismissal of bankruptcy appeals for want of prosecution is discretionary, courts must at least consider less severe sanctions for a litigant's failure to prosecute its case.  *See Jewelcor, Inc. v. Asia Commercial Co., Ltd.*, 11 F.3d 394, 397 (3d Cir. 1993).  Counsel for Grand Union argues, therefore, that this Court, rather than dismissing Grand Union's appeal for want of prosecution, should have resorted to the less severe sanction of either issuing an Order to Show Cause setting forth an expedited briefing schedule or, instead, simply issuing another briefing schedule.  (*See* App. Br. at 4.)  The Court fails to see how giving appellant additional time to submit an appellate brief *which at the time of dismissal was already almost four months late* is an effective "sanction."  Indeed, that would be no sanction at all.

The Court can discern no other effective sanction for failure to submit an appellate brief.  As this Court has already explained, the bankruptcy rules require appellant to file a brief with this Court within fifteen days of an appeal having been docketed.  Fed. R. Bankr. P. 8009(a)(1).  The purpose of the briefing schedule in Bankruptcy Rule 8009 is to provide for the expeditious resolution of bankruptcy proceedings.  *See Jewelcor*, 11 F.3d at 397.  It is clear that the purpose of the rule would be completely thwarted were the Court to allow Grand Union to delay indefinitely the filing of its appellate brief, without which the Court cannot even begin to review the merits of its appeal.

Grand Union's failure to prosecute its appeal is the result of its own neglect.  Indeed, Ravin Greenberg acknowledges as much.  (*See* App. Br. at 4.)  Unable to dispute that it had notice of the December 27, 2004 deadline, Ravin Greenberg offers only the vague excuse that "several complications made it difficult for [Ravin Greenberg] to file a brief on Appellant's

behalf." This neglect is all the more inexplicable considering that Grand Union appears to have been represented in bankruptcy proceedings not by one but in fact by two different law firms, the other—Weil Gotshal—being known for the strength of its bankruptcy practice. (*See* Notice of Appeal dated Aug. 12, 2004).

Finally, there is evidence suggesting that Grand Union's failure to prosecute its appeal simply reflects its history of proceeding in a dilatory manner. That is, during the bankruptcy court's October 4, 2004 telephone conference with counsel for Americe and with Ravin Greenberg regarding, among other things, the instant appeal, Judge Winfield stated: "I actually find this issue of appeal a little bit frustrating. [Grand Union] has had an astonishing disinclination to try this case. It's been difficult to get this to final conclusions. . . . I'm tired of fooling around. . . . . [I] implore both parties to act with all due speed to get [Grand Union's appeal] before the district court and adjudicated . . . . This is an old adversary and it shouldn't hang around." (Transcript of October 4, 2004 Telephone Status Conference before Honorable Novalyn L. Winfield at 8:6–11, 10:22–24, 11:4–5.) In response to Judge Winfield's request that Grand Union diligently prosecute its appeal, Mr. Greenberg, who now asks the Court to excuse Grand Union's failure to file any appellate brief because the Ravin Greenberg attorney primarily handling Grand Union's bankruptcy case left the firm four days *after* the December 27, 2004, stated: "We're trying to, Your Honor." (*Id*. at 11:3.) Grand Union nevertheless failed to prosecute its appeal despite Mr. Greenberg's representation to Judge Winfield that it would do so with all due speed.

## CONCLUSION

For the foregoing reasons, Grand Union's motion for reconsideration of the Court's April 18, 2005 Order dismissing Grand Union's bankruptcy appeal for want of prosecution is **DENIED**.

An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**

cc:   The Honorable Ronald J. Hedges, U.S.M.J.